**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONICA HERNANDEZ, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| | ) | No. 21 C 3766 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Monica Hernandez petitions this Court for a writ of habeas corpus alleging ineffective assistance of counsel in violation of her Sixth Amendment rights. (Civ. R. 1; Civ. R. 2).[1] Hernandez argues her trial counsel failed to request specific unanimity jury instructions and corresponding special verdict forms on the fraud counts on which she was convicted. (*Id*.). Hernandez claims the jury should have been instructed that they must unanimously determine which misrepresentations were used in the fraud scheme and on which of two frauds they were making a finding of guilt. The first fails because there is no basis to claim that the jury was less than unanimous as to the elements of the fraud. The second fails because Hernandez arbitrarily claims two frauds existed when the facts show otherwise. For the following reasons, the Court denies her petition.

---

[1] Citations to the record in this civil proceeding are cited as Civ. R., followed by the docket entry number. Citations to the underlying criminal record (Case No. 13 CR 949) are indicated with Crim. R., followed by the docket entry number.

## **BACKGROUND**

On December 11, 2013, a federal grand jury charged Hernandez with four counts of mail fraud. (Crim. R. 1). On February 1, 2017, the jury convicted her of three counts of mail fraud after the Government dismissed one count during trial. (Crim. R. 339; Crim. R. 352). The jury rendered a guilty verdict based on her actions on behalf of the Washington National Trust ("the Trust") which she cofounded with her co-defendants. (Crim. R. 1). The government presented evidence to support twenty different materially false and fraudulent pretenses as alleged in the indictment. (*Id.*).

According to the indictment, Hernandez marketed the Trust as a purported trust funded by wealthy Native Americans and exempt from the laws of Illinois and the United States. (*Id.*). She promised homeowners the Trust would acquire their mortgages, lower mortgage payments by half, and defeat any foreclosure proceedings brought against their properties. (*Id.*; Crim. R. 417 at 611–13). Hernandez solicited fees ranging from approximately $5,000 to $10,000 per property for the services of the Trust and assured homeowners the fees would ultimately be put towards principal payments on their properties. (Crim. R. 1). The government presented evidence that Hernandez also made material misrepresentations to avoid detection, for example, by mailing out membership certificates to give the Trust the appearance of "a legitimate program." (Crim. R. 417 at 1544).

After a number of jury instruction conferences, the Court issued jury instructions on February 1, 2017, including the following mail fraud instruction:

> First, that that defendant knowingly participated in a scheme to defraud as described in Counts One through Three; That the defendant did so with the intent to defraud; And the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; And that for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of the United States mails in the manner charged in that particular count.

2

(Crim. R. 417 at 1653–54). The jury returned a general verdict of guilty on all three counts on the same day. (Crim. R. 352).

Hernandez appealed her conviction, arguing the government failed to prove she used the United States mails in furtherance of the scheme and contending the district court improperly delegated its authority to the Bureau of Prisons by not establishing a restitution payment schedule for her time in prison. *United States v. Hernandez*, 952 F.3d 856, 857 (7th Cir. 2020). She did not appeal the specific unanimity jury instructions issue. The Seventh Circuit upheld her conviction and found "a reasonable jury could infer that the mailings legitimized the scheme and therefore allowed it to continue longer." *Id*. at 860.

On July 14, 2021, Hernandez filed this petition to vacate and set aside her sentence pursuant to 28 U.S.C. § 2255. (Civ. R. 1). Hernandez argues her trial counsel's advocacy was so defective as to violate her Sixth Amendment right to counsel. (*Id*.). Specifically, her trial counsel failed to request jury instructions for unanimity on which misrepresentations constituted the fraud and on whether the United States mail system was used to carry out the scheme or rather to avoid detection of the scheme. (Civ. R. 2).

## **STANDARD OF REVIEW**

Relief under 28 U.S.C. § 2255 is available as a remedy for an individual in custody to move the court to vacate, set aside, or correct a sentence. The Court may grant relief pursuant to § 2255 when "the sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attacks." *Torzala v. U.S.*, 545 F.3d 517, 521 (7th Cir. 2008) (internal quotations omitted). An evidentiary hearing is not required in the review of a § 2255 petition if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no

3

relief." *Koons v. United States*, 639 F.3d 348, 354–55 (7th Cir. 2011) (quoting *Torzala*, 545 F.3d at 525; 28 U.S.C. § 2255(b)).

A claim is procedurally defaulted if it "can be fully and completely addressed on direct review based on the record created," and defendant failed to raise the issue on appeal. *Bousley v. U.S.*, 523 U.S. 614, 621–23 (1998). If a claim is procedurally defaulted, it is barred in a habeas petition unless petitioner "can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice." *Johnson v. Hulett*, 574 F.3d 428, 430 (7th Cir. 2009) (quoting *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008)); *see also U.S. v. Frady*, 456 U.S. 152, 167–68 (1982).

However, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. U.S.*, 538 U.S. 500, 508–09 (2003); *see also Peoples v. U.S.*, 403 F.3d 844, 848 (7th Cir. 2005) ("[A] defendant never forfeits a claim of ineffective assistance by waiting until collateral attack."). This is true "whether or not there is new counsel and whether or not the basis for the claim is apparent from the trial record." *Massaro*, 538 U.S. at 503–04. If a defendant raises the issue of ineffective counsel on direct appeal, he or she may forfeit the ability to raise the issue in a subsequent collateral proceeding. *Peoples*, 403 F.3d at 848. Therefore, the Seventh Circuit has "repeatedly warned defendants against bringing ineffective-assistance claims on direct appeal." *United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020) (citing string of cases).

In order to evince constitutionally ineffective counsel, petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The proper measure of representation "remains simply reasonableness under prevailing professional norms." *Id*. The standard of review is high, and

4

"[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. Counsel's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *McAffee v. Thurmer*, 589 F.3d 353, 355–56 (7th Cir. 2009) (quoting *Dean v. Young*, 777 F.2d 1239, 1245 (7th Cir. 1985)). Even if counsel's actions were professionally unreasonable, petitioner must also meet the second prong of the test announced in *Strickland*, "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

## ANALYSIS

Hernandez claims her attorney's failure to request specific unanimity jury instructions and related special verdict forms on two issues amounted to ineffective assistance of counsel in violation of her Sixth Amendment right to counsel. (Civ. R. 2). First, she argues her counsel should have requested an instruction to the jury that unanimity was required on which of the twenty false and fraudulent pretenses in the indictment were used to execute the mail fraud scheme. (*Id*.). Second, she claims counsel should have proposed a jury instruction that unanimity was required as to whether "lying to get money or lying to avoid detection" was the basis for the final element of the scheme, that is the use of United States mails in furtherance of the fraud. (*Id*.). On both issues, Hernandez argues her attorney should have requested the Court provide the jury with the Seventh Circuit Pattern Jury Instruction 4.04, Unanimity on Specific Acts, and special verdict forms. (*Id*.). Hernandez's counsel Brian Custy filed proposed jury instructions on November 21, 2016, but did not include these specific unanimity instructions. (Crim. R. 286). The government filed a response to this petition, and Hernandez did not file a reply.[2] (Civ. R. 9). An evidentiary hearing is not necessary in the review of Hernandez's petition for a writ of habeas corpus; the memos and records are sufficient. *Koons*, 639 F.3d at 354–55. Although Hernandez did not raise

---

[2] The government did not raise any procedural defenses such as failure to exhaust or untimeliness. (Civ. R. 9).

the claim of ineffective assistance of counsel in her direct appeal, the issue is not procedurally defaulted. *Massaro*, 538 U.S. at 508–09; *see also Peoples*, 403 F.3d at 848.

I.      **Ineffective Assistance of Counsel in Proposed Jury Instructions**

A jury must be unanimous in finding each element of a crime is proven beyond a reasonable doubt. *Richardson v. United States*, 526 U.S. 813, 817 (1999). However, "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element . . . ." *Id.* The elements the government must prove when prosecuting mail fraud are (1) "defendant knowingly participated in a scheme to defraud"; (2) "defendant did so with the intent to defraud"; (3) "the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise"; and (4) "for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of the United States mails." (Crim. R. 417 at 1653–54). In the context of mail fraud, the specific false and fraudulent pretenses committed are "underlying brute facts . . . merely the means [defendant] used to commit an element of the crime." *United States v. Daniel*, 749 F.3d 608, 614 (7th Cir. 2014).

In *Daniel*, the district court instructed the jury that the government must prove the essential elements of mail fraud beyond a reasonable doubt, as did the Court in Hernandez's trial. *Id.*; (Crim. R. 417 at 1653–54). Like Hernandez, Daniel argued the jury should have been instructed with the Circuit's Pattern Criminal Jury Instruction 4.04 requiring unanimity for specific false or fraudulent acts. *Daniel*, 749 F.3d at 612–13. The Seventh Circuit disagreed, and this Court applies the same reasoning to reject Hernandez's claim that trial counsel was ineffective in failing to request a specific unanimity jury instruction on which misrepresentations were material to the fraud. *Id.* at 613; *see also United States v. Bonin*, 932 F.3d 523 (7th Cir. 2019). The misrepresentations were the means by which Hernandez committed the offense. The jury

unanimously determined that she intentionally participated in a scheme to defraud that involved a false representation and the use of the mails. That is the appropriate unanimity that is required under the law; not the specific "brute facts" of the case, or the actual misrepresentations.

On the second issue, Hernandez alleges the government presented evidence on two separate schemes of mail fraud. (Civ. R. 2). The government laid out its theory in opening arguments, in part claiming "the fraud had two parts. The first was to lie to the victims to get their money; and the second was to lie to avoid getting caught." (*Id*. at 608). In closing arguments, the government explained, "The communications are also considered to be in furtherance of the scheme if they assist the defendant in avoiding detection." (*Id*. at 1542). Hernandez relies on these statements as bases for her claim that the government alleged two unique schemes. In fact, the government outlined two purposes of the scheme, rather than two separate schemes. The Court instructed the jury that the mailing "must carry out or attempt to carry out the scheme or assist the defendant in avoiding detection of the scheme" to meet the final element. (*Id*. at 1655). On appeal, the Seventh Circuit reinforced the Court's statement of the law in noting that "[e]ven if the sign-up agreements were the heart of the scheme and the mailings merely secondary, mailings occurring after the fraudulent act are within the mail fraud status if they assisted the defendant with avoiding detection." *Hernandez*, 952 F.3d at 860 (citing *United States v. Lane*, 474 U.S. 438, 451–52 (1986); *United States v. McGowan*, 590 F.3d 446, 457 (7th Cir. 2009)). Therefore, Hernandez's counsel was not ineffective in failing to propose a specific unanimity jury instruction on whether the United States mail system was used to "to get money or . . . to avoid detection." (Civ. R. 2 at 7).

## II.    Ineffective Assistance Counsel in Special Verdict Forms

Because there was no unanimity requirement for either of the two issues raised by Hernandez, there was no need for counsel to request the Court issue the Seventh Circuit Pattern Criminal Jury Instruction 4.04. Therefore, there was also no need to request a special verdict form on either of the issues. Specific unanimity instructions "are necessary only when there is a significant risk that the jury would return a guilty verdict even if there were less than unanimity with regard to one or more elements of the crime." *United States v. Schiro*, 679 F.3d 521, 533 (7th Cir. 2012). This is distinct from a general instruction, as was appropriate in this case, that the jury must find the defendant guilty on all elements beyond a reasonable doubt. *Id*. Hernandez suggests individual jurors may have disagreed on the underlying means for the fraud, specifically which false pretenses were material or what role usage of the United States mails played in furtherance of the fraud. (Civ. R. 2). There is no alleged risk or suggestion that jurors were not unanimous on the elements, only the claim that they may have disagreed on the "underlying brute facts." As such, Hernandez's counsel performed reasonably in not requesting special verdict forms on the two issues raised.

## III.    Certificate of Appealability

Hernandez did not show that her "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The Court denies Hernandez's petition for a writ of habeas corpus. Furthermore, the Court declines to issue a certificate of appealability because Hernandez failed to make a substantial showing of the denial of a constitutional right, or that reasonable jurists would disagree with the Court's decision regarding Hernandez's habeas petition on the grounds of ineffective assistance of counsel. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## **CONCLUSION**

For the foregoing reasons, Hernandez's motion to vacate her conviction and sentence under

28 U.S.C. §2255 [1] is denied.

Virginia M. Kendall
United States District Judge

Date: May 3, 2022